UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| CHRISTOPHER HELALI,<br>     Plaintiff,<br>                    v.<br>ZIPPORAH LEGARDE AND PETER<br>SOELLER,<br><br>     Defendants. | Civil Action No.: 2:21-cv-141 |

## MOTION TO DISMISS FOR LACK OF JURISDICTION

Pursuant to Rule 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure, now comes the Defendant Zipporah Legarde, by her attorney Samantha V. Lednicky, Esq. of Catamount Law, PLLC, and hereby moves this Court to Dismiss Counts I and II for lack of personal and subject matter jurisdiction.  Specifically, this Court lacks specific personal jurisdiction over Defendant Legarde because the conduct pled in the Complaint fails to establish that Ms. Legarde had sufficient minimum contacts with the State of Vermont.  This Court lacks subject matter jurisdiction because Plaintiff failed to plead an amount in controversy in excess of $75,000.

## MEMORANDUM OF LAW

### I.    RELEVANT FACTS

Plaintiff filed a three count Complaint against Defendants in the above-captioned matter. Counts I and II allege defamation *per se* and defamation against Defendant Zipporah Legarde. Plaintiff alleges that Ms. Legarde posted defamatory statements on the internet and telephoned or emailed various persons residing in the State of Vermont.

1

Not a single factual allegation in the 171 paragraph Complaint claims Defendant Zipporah Legarde stepped foot in the State of Vermont. The majority of the factual allegations against Ms. Legarde relate to statements posted on the internet (e.g. Reddit, Twitter, blog posts, Facebook, and one online article on "The Socialist"). See Complaint, ¶¶ 45, 52, 62-75, 77-95.

Under a separate subheading in the Complaint, Plaintiff alleges that Ms. Legarde's statements were "calculated to cause injury" to Plaintiff in Vermont. Complaint, at p.18, ¶¶ 98-129. Of those allegations "calculated to cause injury … in Vermont", Plaintiff alleges that Ms. Legarde telephoned and emailed six persons residing in the State of Vermont. Specifically, the allegations are that Ms. Legarde telephoned a Valley News editor (a media organization based in Lebanon, NH), emailed a Vermont Journal editor (a Vermont publication), emailed Martha Hennessy (a Vermont resident), telephoned Mr. Hoopes a Board of Directors member for Vershare (a Vermont organization), and "contacted" members of Vermont Progressive Party and that she made defamatory statements in those various communications.

II.   ARGUMENT

A.   THIS COURT LACKS PERSONAL JURISDICTION TO HAUL MS. LEGARDE INTO COURT IN THE DISTRICT OF VERMONT.

1.   *Motion to Dismiss Standard.*

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant Legarde moves this Court to dismiss the Counts I and II for lack of personal jurisdiction. On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that the court has jurisdiction over the defendant. *See Bank Brussels Lambert v. Fiddler Gonzales & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999); *Grundstein v. Mason,* No. 2:10-CV-14, 2010 WL 11610411, at *1 (D. Vt. Nov. 8, 2010).

This matter comes before the Court on diversity jurisdiction. Plaintiff is a resident of Vermont and Defendant Legarde is a resident of Massachusetts. In diversity cases, the Court

must assess personal jurisdiction based on a two-part inquiry: "First, it must look to the statutes of the forum state and determine whether the plaintiff has shown that Vermont law would confer upon its courts the jurisdiction to reach the defendants.  If the exercise of jurisdiction is appropriate under a Vermont statute, the court must decide whether such exercise comports with the requisites of due process."  *Grundstein v. Mason*, No. 2:10-CV-14, 2010 WL 11610411, at *2 (D. Vt. Nov. 8, 2010) (citing *Kernan v. Kurz–Hastings, Inc.,* 175 F.3d 236, 240 (2d Cir. 1999)).

Thus, this Court must first look to Vermont's long-arm statute, 12 V.S.A. § 913(b). Nonresident defendants, such as Defendant Legarde, may only be hauled into Court "to the full extent permitted by the Due Process Clause" of the U.S. Constitution.  *N. Aircraft, Inc. v. Reed*, 154 Vt. 36, 40, 572 A.2d 1382, 1385 (1990).  The Due Process Clause allows personal jurisdiction over a defendant in any state where the defendant has 'certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' *International Shoe Co.*, 326 U.S. at 316, 66 S.Ct. at 158.  "The focus of the minimum contacts inquiry is on the relationship among the defendant, the forum state, and the cause of action." *Fox v. Fox*, 2014 VT 100, ¶ 26, 197 Vt. 466, 479, 106 A.3d 919, 928 (2014).

To satisfy the prerequisites of the Due Process Clause, a court may exercise either general or specific jurisdiction over the nonresident defendant.  General jurisdiction defendant has engaged in "systematic and continuous" activities in the forum state.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).  Specific jurisdiction applies to a defendant that has "directed ... activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp.*, 471 U.S. at 472, 105 S.Ct. 2174.  In this case, the Complaint fails to satisfy the requirements of either general or specific jurisdiction.  General jurisdiction is

not plead in this case.  Defendant Legarde did not engaged in any activities in Vermont nor does she have systematic and continuous contacts in the state.  Thus, the question before the Court is whether Vermont has specific jurisdiction over Defendant.

2. *The Complaint Fails to Satisfy the Requirements of Specific Jurisdiction.*

Mere posts on the internet cannot form the basis for personal jurisdiction in Vermont.

> The Second Circuit has held, however, that personal jurisdiction requires "more than mere posting of information on a passive web site ... to indicate that the defendant purposefully directed his activities at the forum state." Best Van Lines, Inc. v. Tim Walker, 490 F.3d 239, 252 (2d Cir. 2007). Courts have also noted that to extend personal jurisdiction to all those who place information on the internet would unreasonably "create nationwide (indeed, worldwide) personal jurisdiction over anyone and everyone who establishes an Internet website." ISI Brands, Inc. v. KCC Int'l, Inc., 458 F. Supp. 2d 81, 89–90 (E.D.N.Y. 2006) (parenthetical in original); see also GTE New Media Services Inc. v. BellSouth Corp., 199 F.3d 1343, 1349 (D.C. Cir. 2000) ("[P]ersonal jurisdiction surely cannot be based solely on the ability of District residents to access the defendants' websites, for this does not by itself show any persistent course of conduct by the defendants in the District.").

*Grundstein v. Mason*, No. 2:10-CV-14, 2010 WL 11610411, at *4 (D. Vt. Nov. 8, 2010). Therefore, the statements posted to Reddit, Twitter, on blogs, Facebook, and one online article on "The Socialist" cannot form the basis for jurisdiction.

The remaining allegations involve statements made over the telephone or in emails to persons either located in or residing in Vermont.  The statements were made from outside of Vermont via email and telephone to residents in Vermont cannot form the sole basis for jurisdiction. *Schwartz v. Frankenhoff*, 169 Vt. 287, 297, 733 A.2d 74, 82 (1999) (contact with Vermont through letters and telephone calls to Vermont residents was insufficient to satisfy jurisdiction).  As this Court has previously held, "jurisdiction is appropriate when the forum state has been the 'focal point both of the [alleged tort] and of the harm suffered,' the defendants knew the plaintiff would suffer the 'brunt' of the harm there, and they 'expressly aimed' their actions at the state." *Grundstein v. Mason*, No. 2:10-CV-14, 2010 WL 11610411, at *4 (D. Vt. Nov. 8,

2010) (internal citations omitted).  Even in the light most favorable to the Plaintiff, the Complaint fails to support a finding that the Vermont was the focal point of Defendant Legarde's defamatory statements or that the statements were expressly aimed at Vermont.

According to the Complaint, Defendant Legarde did not have knowledge that Plaintiff was back in the United States, let alone Vermont, until December, 2018.  Complaint, ¶ 37.  Prior to December, 2018, the factual allegations reveal that Plaintiff was located in Massachusetts and then Sryia.  Complaint, ¶31-32.  The Complaint then alleges that in December, 2018 Plaintiff was attending Dartmouth College, which is known to be located in Hanover, New Hampshire— not Vermont. Complaint, ¶ 39.  Therefore, at least prior to December, 2018, Defendant Legarde could not have known that brunt of the harm would be suffered in Vermont.  The remainder of the allegations are limited to six phone calls or emails to persons in Vermont.  One such person was affiliated with a New Hampshire based organization.  These remaining allegations occurred between April 12, 2019 and June, 2020.  The limited communications and time period cannot be considered the focal point of the alleged tort or harm suffered.

Other jurisdictions, such as New York, have similarly refused to find jurisdiction solely on the basis of a defendant's communications to the forum from another locale.  *Jolivet v. Crocker*, 859 F. Supp. 62, 64 (E.D.N.Y. 1994) (citing *Glassman v. Hyder*, 23 N.Y.2d 354, 244 N.E.2d 259, 296 N.Y.S.2d 783 (1968) (interstate letters and telephone calls did not establish personal jurisdiction under § 302(a)(1)); *DelBello v. Japanese Steak House, Inc*., 43 A.D.2d 455, 352 N.Y.S.2d 537 (4th Dep't 1974) (under § 302(a)(1), "[t]he mere mailing of literature and advice into this State does not subject a nonresident to New York jurisdiction."); *Fox v. Boucher*, 794 F.2d 34, 37 (2d Cir.1986) (single telephone call held insufficient under § 302 and "minimum contacts" due process principles); *Mayes v. Leipziger,* 674 F.2d 178 (2d Cir.1982) (out-of-state letters and phone calls did not provide personal jurisdiction under § 302(a)(1)); *Advance Realty*

*Assoc. v. Krupp,* 636 F.Supp. 316, 318 (S.D.N.Y.1986) ("phone calls and correspondence with a

New York broker d[id] not add up to a transaction of business in New York"); *Sterling National*

*Bank & Trust Co. of New York v. Southern Scrap Export Co*., 468 F.Supp. 1100, 1106

(S.D.N.Y.1979) (telephone calls and letters did not provide a basis for jurisdiction under §

302(a)(1)).  This Court should dismiss Counts I and II for lack of personal jurisdiction given that

the phone calls and emails do not satisfy minimum contacts with the forum.

Finally, this leaves Plaintiff to rely solely on the alleged harmful effects suffered in

Vermont to satisfy personal jurisdiction.

> "The 'effects test' theory of personal jurisdiction is typically invoked where the
> conduct that forms the basis for the controversy occurs entirely out-of-forum, and
> the only relevant jurisdictional contacts with the forum are therefore in-forum
> effects harmful to the plaintiff." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883
> F.3d 68, 87 (2d Cir. 2018) (internal quotation marks and citation omitted).
> "Exercise of jurisdiction in such circumstances 'may be constitutionally
> permissible if the defendant expressly aimed its conduct at the forum.' " Id.
> (quoting *Calder v. Jones*, 465 U.S. 783, 789 (1984)). The "foreseeability of
> causing injury in another State," *Burger King*, 471 U.S. at 474, will not alone
> suffice and "the plaintiff cannot be the only link between the defendant and the
> forum." *Walden*, 571 U.S. at 285.

*Duffy v. Transunion Risk*, No. 20-CV-00085, 2021 WL 872595, at \*5 (D. Vt. Mar. 9, 2021).

Plaintiff fails to allege that Ms. Legarde's conduct was "expressly aimed" at Vermont. He

also fails to allege that the harm was suffered in Vermont.[1]  Frankly, Plaintiff's Complaint is

devoid of any specific allegations as to the actual harm suffered.  It appears from the Complaint

that he recently moved to Vermont and therefore had a limited reputation in the community.

There is no assertion that Ms. Legarde published defamatory statements in any Vermont based

newspaper or media organization.  Plaintiff was spending some time attending a graduate

program in the State of New Hampshire.  Complaint, ¶ 36, 39,.  Therefore, it would be

---

[1] The allegations regarding Plaintiff's injury is limited to the conclusory statement that Mr. Helali suffered "ongoing impairment of reputation, diminished standing in the community, personal humiliation, injury and embarrassment, emotional distress and mental anguish, and professional and financial harm." Complaint, ¶¶ 158, 165.

unreasonable to find that Defendant Legarde's activities were expressly aimed to cause harm in Vermont.

B.  THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE AMOUNT IN CONTROVERSY IS LESS THAN $75,000.

To invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), plaintiff "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (internal citation omitted). "A plaintiff's mere mention of an amount greater than $75,000 is not a magic talisman that wards off a district court's inquiry into the actual amount at issue"—which is exactly what Plaintiff has done in this case. *Bernshteyn v. Feldman*, No. 04 CIV. 1774 (GEL), 2006 WL 2516514, at *2 (S.D.N.Y. Aug. 29, 2006); Complaint, ¶ 3.

Under Vermont law, the "elements of a private action for defamation are: (1) a false and defamatory statement; (2) some negligence or greater fault in publishing the statement; (3) publication; (4) lack of privilege in the publication; (5) special damages, unless actionable per se; and (6) some actual harm." *Stone v. Banner Pub. Corp.,* 677 F.Supp. 242, 245 (D.Vt.1988) (citing *Lent v. Huntoon*, 143 Vt. 539, 546–47, 470 A.2d 1162, 1168 (1983)); *Hubacz v. Protzman*, No. 2:12-CV-39, 2013 WL 1386287, at *14 (D. Vt. Apr. 4, 2013). The mere fact that defamatory statements were made is insufficient to entitle Plaintiff to relieve—he must plead some "actual harm." *Id*.

Plaintiff does not plead with any specificity the harm suffered.  He fails to connect his conclusory statement that he has suffered "ongoing impairment of reputation, diminished standing in the community, personal humiliation, injury and embarrassment, emotional distress and mental anguish, and professional and financial harm" to a monetary claim for relief.  He provides no factual basis for financial harm suffered, emotional harm suffered, or reputation

harm.  The Complaint contains no factual allegation that he was fired from a specific job, expelled from his graduate program at Dartmouth, or had to undergo treatment for emotional distress.

The reality is specific allegations of harm are absent from the Complaint because there are no facts to support actual harm.  Plaintiff has not been fired from any jobs, he did not get expelled from school, and he suffered no emotional distress, or reputational harm.  Without actual harm, he is not entitled to any monetary relief and his Complaint must be dismissed for lack of subject-matter jurisdiction.

WHEREFORE, Defendant Legarde respectfully requests that this Court DISMISS Count I and II.

Dated at Burlington, Vermont, this 26th day of July, 2021.

By: _/s/ Samantha Lednicky_____
Samantha V. Lednicky, Esq.
ERN #7354
CATAMOUNT LAW, PLLC
P.O. Box 11
Burlington, VT 05402
Phone: (802) 864-9811
Email: sam@catamountlaw.com
Attorney for Defendant Legarde