UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

|  |  |
|---|---|
| CHRISTOPHER HELALI,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ZIPPORAH LEGARDE AND PETER SOELLER,<br><br>　　　　Defendants. | )<br>)<br>)<br>)　Civil Action No.: 2:21-cv-141<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANT LEGARDE'S ANSWER**

Now comes Defendant Zipporah Legarde, by her attorney Samantha Lednicky, Esq. of Catamount Law PLLC, and hereby answers Plaintiff's Complaint as follows:

1. No response is required as this allegation calls for a legal conclusion. To the extent a response is required, denied.

2. No response is required as this allegation calls for a legal conclusion. To the extent a response is required, denied.

3. No response is required as this allegation calls for a legal conclusion. To the extent a response is required, denied.

4. No response is required as this allegation calls for a legal conclusion. To the extent a response is required, denied.

5. No response is required as this allegation calls for a legal conclusion. To the extent a response is required, denied.

6. Insufficient information to form a response, therefore denied.

7. Admitted.

1

8. Insufficient information to form a response, therefore denied.

9. No response is required as this allegation calls for a legal conclusion. To the extent a response is required, denied.

10. No response is required as this allegation calls for a legal conclusion. To the extent a response is required, denied.

11. No response is required as this allegation calls for a legal conclusion. To the extent a response is required, denied.

12. No response is required as this allegation calls for a legal conclusion. To the extent a response is required, denied.

13. Denied to the extent that exchanging messages on an dating app constitutes "meeting." Further answering, Defendant agrees that the parties exchanged messages in March, 2016 on OkCupid. Further answering, the parties first met in person in May, 2016. Admitted that the parties both lived in Boston in the spring of 2016.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Insufficient information to form a response, therefore denied.

20. Agreed to the extent that the topic of fertility was discussed, denied as to the balance of the allegation and to the extent it calls for an admission as to the veracity or truth of the statement. Denied to the extent Defendant had personal knowledge of the emails exchanged in Exhibit A.

21. Denied.

22. Admitted that Defendant confirmed she was pregnant on or about June 21, 2016.

23. Denied to the extent that Exhibit B is the full and complete email exchange during that time period between the parties. Further answering, the emails excerpts speak for itself.

24. Denied to the extent that Exhibit B is the full and complete email exchange during that time period between the parties. Further answering, the emails excerpts speak for itself.

25. Denied to the extent that Exhibit B is the full and complete email exchange during that time period between the parties. Further answering, the emails excerpts speak for itself.

26. Denied to the extent that Exhibit B is the full and complete email exchange during that time period between the parties. Further answering, the emails excerpts speak for itself.

27. Denied to the extent that Exhibit B is the full and complete email exchange during that time period between the parties. Further answering, the emails excerpts speak for itself.

28. Denied to the extent that Exhibit B is the full and complete email exchange during that time period between the parties. Further answering, the emails excerpts speak for itself.

29. Insufficient information to form a response, therefore denied.

30. No response is necessary, the card speaks for itself.

31. Admitted to the extent travel to Syria and four years of service were discussed and that they drove from South Station to Paxton Massachusetts with Plaintiff's mother. Denied to the balance.

32. Insufficient information to form a response, therefore denied.

33. Admitted.

34. Admitted. Denied to the extent that this allegation suggests Plaintiff is the father

of SAL.

35. Insufficient information to form a response, therefore denied.

36. Insufficient information to form a response, therefore denied.

37. Denied.

38. No response is required, the messages speak for itself.

39. Denied.

40. Denied.

41. No response is required, the post speaks for itself.

42. No response is required, the exhibit speaks for itself.

43. No response is required, the exhibit speaks for itself.

44. Denied.

45. Denied.

46. Denied.

47. No response is required, the exhibit speaks for itself.

48. Insufficient information to form a response, therefore denied.

49. Denied. Further answering, admitted to the extent that each and every one of Plaintiff's Relief from Abuse Complaints were denied and/or dismissed.

50. No response if required, the order speaks for itself.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

131. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

132. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

133. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

134. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

135. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

136. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

137. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

138. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

139. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

140. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

141. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller

and do not warrant a response by Defendant Legarde.

142. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

143. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

144. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

145. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

146. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

147. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

148. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

149. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

150. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

151. The allegations in paragraphs 130 through 151 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

152. No response is required, see answers fully set out above.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. No response is required, see answers fully set out above.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. The allegations in paragraphs 166 through 171 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

167. The allegations in paragraphs 166 through 171 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

168. The allegations in paragraphs 166 through 171 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

169. The allegations in paragraphs 166 through 171 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

170. The allegations in paragraphs 166 through 171 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

171. The allegations in paragraphs 166 through 171 are directed at Defendant Soeller and do not warrant a response by Defendant Legarde.

## AFFIRMATIVE DEFENSES

1. Truth.

2. The allegedly defamatory statements were merely statements of opinion.

3. The allegedly defamatory statements were fair comments.

4. The allegedly defamatory statements can be innocently construed.

5. The allegedly defamatory statements were made in jest.

6. No damage to Plaintiff.

7. Unclean hands.

8. Failure to mitigate.

9. Good faith by Defendant.

## DEMAND FOR A JURY TRIAL

Defendant Legarde demands a jury trial on all issues so triable.

Dated at Burlington, Vermont, this 1st day of February, 2022.

By: _/s/ Samantha Lednicky_
Samantha V. Lednicky, Esq.
ERN #7354
CATAMOUNT LAW, PLLC
P.O. Box 11
Burlington, VT 05402
Phone: (802) 864-9811
Email: sam@catamountlaw.com
Attorney for Defendant Legarde